**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Yadira Elizabeth RUIZ-BURANDT, Defendant-Appellant.**

**No. 15-50149**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Gene Vorobyov, Attorney, Law Office of Gene Vorobyov, San Francisco, CA, for Defendant-Appellant

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Yadira Elizabeth Ruiz-Burandt appeals from the district court's judgment and

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

challenges the 75-month sentence imposed following her guilty plea conviction for importation of cocaine and methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.

Ruiz-Burandt argues that the district court erred in denying a minor role reduction to her base offense level under U.S.S.G. § 3B1.2(b). After Ruiz-Burandt was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot determine from the record whether the district court considered all of the now-relevant factors, we vacate Ruiz-Burandt's sentence and remand for resentencing. *See Quintero–Leyva*, 823 F.3d at 523–24.

**VACATED and REMANDED for re-sentencing.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.